# EXHIBIT

# A

1

2

3

4

5

6

7

8

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

9

| DEBORAH WHITE AND CHRISTOPHER WHITE, | NO. |
|---|---|
| Plaintiffs, | **COMPLAINT FOR VIOLATIONS OF 15 U.S.C. § 1692 ET SEQ. AND RCW CHAPTERS 19.16 AND 19.86 ET SEQ.** |
| vs. | |
| SKAGIT BONDED COLLECTORS, LLC | |
| Defendant. | |

10

11

12

13

14

15

COME NOW Plaintiffs, Deborah White and Christopher White, by and through counsel,

16

who allege:

17

## I.    PARTIES AND JURISDICTION

18

1.      Plaintiffs Deborah and Christopher White are a married couple who reside in

19

Washington State.

20

2.      Defendant SKAGIT BONDED COLLECTORS, LLC ("SBC"), a Washington

21

Limited Liability Company, UBI #601-584-019, is a debt collector and licensed collection

22

agency doing business in Washington, and who repeatedly attempted to collect an alleged debt

23

from the Plaintiffs. SBC's registered agent is Jeannie Englund, 1520 E COLLEGE WAY,

Complaint - 1

1  MOUNT VERNON, WA, 98273.

2      3.      Jurisdiction over Defendant is proper as Defendant is doing business in

3  Washington State and venue is appropriate in King County, Washington.

4

5                              II.     **FACTS**

6      4.      Plaintiffs were married on August 20, 2016.  In August 2020, Plaintiffs entered

7  into a contract to purchase a bigger home for their growing family, and deposited earnest money

8  to secure performance.  The home was still under construction, and closing was scheduled to

9  occur approximately at year-end.

10     5.      On October 7, 2020 (on their youngest child's birthday, no less), to the shock and

11 dismay of Plaintiffs, they learned that Mr. White's wages were being garnished.  Plaintiffs

12 ultimately learned that the garnishment related to a 2010 judgment and was issued by Skagit

13 Bonded Collectors, LLC, Defendant herein.  A copy of the writ of garnishment is attached hereto

14 as **Exhibit A**.

15     6.      For the pay period ending October, 1, 2020 Mr. White's paycheck reflected a

16 $356.59 deduction for SBC's writ of garnishment, and for the pay period ending October 15,

17 2020, $363.25 was withheld.

18     7.      The garnishment greatly imperiled Plaintiffs' ability to purchase the home for

19 which they were under contract, as their lender informed Plaintiffs that they would no longer

20 qualify for the loan (due to the debt/income ratio) with SBC's garnishment.  The financial

21 pressure faced by Plaintiffs was extreme, as a failure to complete the purchase would result in

22 the loss of their earnest money as well as the inability to raise their children in a suitably-sized

23 home.

Complaint - 2

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

1                              **The 2010 Collection Lawsuit and Judgment**

2          8.      Evidently, the basis of the garnishment was a 2010 Snohomish County District

3      Court lawsuit, case no. C101101, against Christopher White individually.  Although the caption

4      included a "Jane Doe," no party was ever substituted, and a default judgment was ultimately

5      entered against Mr. White on May 17, 2010 for $2,971.29.

6          9.      Though Mr. White was unaware of any such lawsuit until the 2020 garnishment,

7      it did not appear there was any lawful basis to challenge the entry of judgment.

8          10.     The underlying cause of action concerned a debt owed by Christopher White's ex-

9      wife for unpaid homeowner's association dues.  Though Mr. White received no benefit from any

10     such dues (as he did not reside with his former spouse during the time the debt was incurred),

11     apparently SBC believed that Mr. White (by virtue of his marriage) could be held singularly

12     liable for such debts.  (Indeed, the only evidence ever submitted by SBC in the district court

13     exclusively bore the name of Mr. White's former spouse.)

14                   **The 2020 Extension of Judgment in Superior Court**

15         11.     In any event, as the judgment neared expiration, in May 2020, SBC timely moved

16     to extend the judgment and, at the same time, transferred the judgment to Snohomish County

17     Superior Court.  The judgment extension was signed on May 3, 2020. *See* **Exhibit B** (motion

18     and order extending judgment).

19         12.     The combined motion and order identified the principal judgment amount

20     $2,971.29), accrued interest ($3,343.18) and the filing fee ($230.00).  It also articulated the

21     applicable interest rate as either 9% for consumer debt, or 12% for non-consumer debt.  As there

22     is plainly no dispute that the HOA dues were consumer debt, the applicable rate as stated on the

23     May 3, 2020 judgment extension was 9%.

Complaint - 3                                          **ANDERSON | SANTIAGO**
                                                             787 MAYNARD AVE S
                                                             SEATTLE WA 98104
                                                         (206) 395-2665/F (206) 395-2719

13.     Nevertheless, in SBC's affidavit for writ of garnishment, it falsely represented that the applicable rate of interest was 12%. *See* **Exhibit C** (affidavit in support of writ). Notably, SBC identified the debt as "consumer" debt in the writ itself (thus meaning that a 9% interest rate would apply). *See* Exhibit A.

14.     SBC also did not sign the affidavit for writ of garnishment as required by RCW 6.27.060, in that an affidavit is required, which itself mandates either a notarized signature or statutorily-compliant declaration (also requiring a signature). *See* Exhibit C.

15.     During this time, SBC appears to have complied with Governor Inslee's proclamations related to the pandemic, and thus did not accrue as much interest as would occur absent such proclamations.

### The Judgment is Separate Debt and Plaintiffs' Wages Cannot be Garnished

16.     SBC obtained a judgment against Christopher White in 2010, a judgment which constitutes "separate debt" under Washington's community property rules. *See, e.g., Persilver v. Merchants Credit Corp.*, 2020 WL 4582188 at *2 (W.D. Wash. Aug. 10, 2020).

17.     Property acquired after marriage (such as wage income) is community property. RCW 26.16.030.

18.     RCW 26.16.200 provides that the wages of either spouse may not be garnished for separate debts of either spouse.

19.     Consequently, it is black-letter law that SBC may not garnish either Plaintiff's wages for the judgment debt.

### SBC's Unlawful Collection Tactics Ramp Up By Refusing to Release the Garnishment

20.     Upon receipt of the garnishment on or about October 7, 2020, Plaintiffs immediately contacted SBC by phone to understand the nature of the alleged debt.

Complaint - 4

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

21.     Though Plaintiffs are not legally-trained, their concern that Mr. White's wages could not be garnished was, in fact, legally correct. After numerous phone calls with SBC, on October 15, 2020, Plaintiffs sent a letter which enclosed a copy of their marriage certificate, proving their 2016 marriage date. *See* **Exhibit D** (10-15-20 letter). The letter was sent by fax at a cost of $4.95.

22.     In a subsequent phone call, SBC confirmed receipt of the letter, but informed Plaintiffs that the garnishment would continue unless the judgment was paid in full.

23.     SBC's actions placed Plaintiffs in a difficult financial situation. Though the garnishment was plainly unlawful, SBC's refusal to terminate the garnishment meant that Plaintiffs would be unable to qualify for the loan to purchase their home (for which they were under contract to do so, and would lose $10,000 in earnest money for failing to perform). Mr. White had no separate property of any value, and Ms. White was not inclined to divert their family's limited resources (all of which were community property) to paying SBC for a debt which originated many years before Plaintiffs had even met one another.

24.     In short, to save the purchase of their home and avoid even harsher financial consequences, Plaintiffs would have to accede to SBC's unlawful demand (that the judgment be paid in full) in order to terminate the garnishment.

25.     In late October 2020, Plaintiffs decided that to stop SBC's unlawful garnishment, they had no choice but to do what SBC directed and pay the judgment in full. Plaintiffs contacted SBC by phone, under protest, to request the total balance on the judgment so that Plaintiffs could pay and save their new home.

**SBC Doubles Down on its Unlawful Tactics by Strong-Arming Payment**

26.     On October 30, 2020, in response to the request for a current balance, SBC sent

Complaint - 5

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

1    Plaintiffs a letter which confusingly stated that the judgment balance was $7,057.29, but also

2    coyly stated that "we attached a Settlement Agreement for $7042.18" and instructed Plaintiffs to

3    sign and return. *See* **Exhibit E** (10-30-20 letter from SBC).

4        27.    Firstly, this was outright confusing (and also false); SBC had represented that the

5    balance on the judgment just one month earlier was $6,662.74 (see Exhibit C), and SBC had not

6    obtained any order from the Superior Court awarding additional fees or costs.  Thus, it is unclear

7    how either the balance of the judgment or any settlement would result in SBC expecting anyone

8    to pay more than was actually owed.

9        28.    Second, it was unclear what the point of a "settlement agreement" would be,

10   when Plaintiffs had already stated they would pay the judgment in full, as a consequence of

11   SBC's unlawful tactics.

12       29.    Plaintiffs subsequently called SBC to discuss the matter, and were falsely

13   informed by SBC's representative that "it was the law" that Plaintiffs needed to sign the

14   settlement agreement in order to pay the judgment.

15       30.    As Plaintiffs simply needed the matter concluded, on November 6, 2020,

16   Plaintiffs sent a letter and included a cashier's check made payable to Defendant for $7,200.00 to

17   ensure that, regardless of any other interest accrual, the judgment would be paid in full, even

18   under SBC's inflated amounts which included costs and fees which were not actually owed. *See*

19   **Exhibit E** (11-6-20 letter from Plaintiffs).

20                    **SBC Attempts to Extort a Release of Liability**

21       31.    Despite (A) SBC's unlawful garnishment which (B) coerced Plaintiffs into paying

22   the entirety of a judgment under threat of further unlawful conduct by SBC, and (C) Plaintiffs'

23   tender of a $7,200.00 cashier's check to SBC for more than the amount of the judgment, SBC

Complaint - 6

1   informed Plaintiffs by phone **that it would not honor the check and would continue its**

2   **collection efforts unless Plaintiffs also signed a "Settlement Agreement."**

3       32.    Subsequently, on November 13, 2020, SBC, **in possession of a $7,200.00**

4   **cashier's check from Plaintiffs**, sent Plaintiffs a letter stating that the balance on the judgment

5   was $7,066.39 and that the attached settlement agreement must be signed and returned by

6   November 12, 2020, which was obviously impossible.  A copy of this letter is attached as

7   **Exhibit F.**

8       33.    Plaintiffs, facing potential loss of their earnest money, home, or both, were given

9   no option other than to accede to SBC's unlawful demand that a settlement agreement also be

10   signed in addition to the payment in full.  Under economic duress, Plaintiffs had no meaningful

11   choice other than to sign the unlawful agreement, procured by duress and illegal activity.  The

12   document was signed and returned as instructed.

13       34.    Thus, in addition to being procured under duress, the document was void for lack

14   of consideration and/or was illusory.

15                         **Summary**

16       35.    In conclusion, although SBC had an existing judgment from 2010 against

17   Christopher White, under black-letter Washington law, such a judgment was uncollectible from

18   Mr. White's wages because of his 2016 marriage to Deborah White.  This was particularly

19   problematic for the Plaintiffs because they had recently entered into a contract to purchase a

20   home, and the wage garnishment specifically prevented them from obtaining a loan, thus

21   jeopardizing their earnest money and purchase.  Even absent the home purchase, having wages

22   garnished illegally is a tremendous hardship in and of itself.

23       36.    SBC's conduct was wrongful for a litany of reasons, but the persistent and illegal

Complaint - 7

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

1   garnishment was only the beginning.  SBC leveraged its unlawful acts into payment in full of the

2   judgment, which SBC could not otherwise lawfully obtain, as Plaintiffs' assets were entirely

3   community property assets unavailable to SBC.  Then, once it had extorted payment in full, SBC

4   took it one step further by placing conditions on full payment, and demanding that Plaintiffs

5   waive their rights in exchange for paying SBC, which is one of the most abusive debt collection

6   practices conceivable.

7        37.     As a result of SBC's actions detailed above, Plaintiffs have incurred expenses in

8   dealing with SBC (including but not limited to paying the judgment from community funds),

9   seeking and retaining counsel in connection with ascertaining their legal rights and

10   responsibilities, and have suffered financial uncertainty, unease, and distress caused by the false,

11   improper, and confusing nature of the collection efforts.

12                          III.    **CAUSES OF ACTION**

13                **GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

14        38.     With respect to the alleged debt, Plaintiffs are consumers as defined by 15 U.S.C.

15   § 1692a(3) and Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

16        39.     With respect to the alleged debt, Plaintiffs are "debtors" as defined by RCW

17   19.16.100(7) and Defendant is a collection agency as defined by RCW 19.16.100(4).

18        40.     For claims arising under the Fair Debt Collection Practices Act, such claims are

19   assessed using the "least sophisticated debtor" standard.  *Guerrero v. RJM Acquisitions LLC*, 499

20   F.3d 926, 934 (9th Cir. 2007).

21                          **Count 1 (and all subcounts)**

22        41.     A debt collector may not use any false, deceptive, or misleading representation or

23   means in connection with the collection of any debt.  15 U.S.C. § 1692e.  This includes the false

Complaint - 8                                    ANDERSON | SANTIAGO
                                                        787 MAYNARD AVE S
                                                        SEATTLE WA 98104
                                                   (206) 395-2665/F (206) 395-2719

1   representation of the character, amount, or legal status of a debt (§ 1692e(2)), the threat to take
2   any action which cannot be legally taken (§ 1692e(5)); or the use of any false representation or
3   deceptive means to collect or attempt to collect a debt (§ 1692e(10)).

4       42.     Defendant used false, deceptive, or misleading representations or means in
5   connection with the collection of an alleged debt when it:

6               a)  Sought and obtained a garnishment against Mr. White's wages, despite the
7                   statutory prohibition (that wages are unavailable for execution on separate
8                   debts);

9               b)  Sought a garnishment with an unsigned document, in violation of the statutory
10                  requirements of an affidavit (or declaration) and which also falsely stated the
11                  applicable interest rate as 12% (instead of 9%);

12              c)  Made numerous misrepresentations about the law to Plaintiffs by phone,
13                  including but not limited to statements that SBC could continue garnishing
14                  Mr. White's wages and that Plaintiffs were required to sign a "settlement
15                  agreement" by law;

16              d)  Stated that a settlement agreement was required, despite receiving $7,200.00
17                  which exceeded any amounts owed;

18              e)  Falsely represented that fees and costs related to the unlawful garnishment
19                  were somehow presently due and owing.

20      43.     Therefore, Defendant violated 15 U.S.C. § 1692e, and/or its subsections, on
21  numerous occasions.

22                                  **Count 2 (and all subcounts)**

23      44.     A debt collector may not use unfair or unconscionable means to collect or attempt

Complaint - 9                                           **ANDERSON | SANTIAGO**
                                                            787 MAYNARD AVE S
                                                            SEATTLE WA 98104
                                                        (206) 395-2665/F (206) 395-2719

1    to collect any debt.  15 U.S.C. § 1692f.

2        45.    Plaintiffs reallege the paragraphs within Count I, *supra*, as constituting unfair and

3    unconscionable means to collect a debt.

4        46.    In summary, the Defendant therefore violated 15 U.S.C. § 1692f and/or §

5    1692f(1) on a significant number of occasions.

6              **GENERAL ALLEGATIONS APPLICABLE TO ALL CPA CLAIMS**

7        47.    Violations of RCW 19.16.250 are per se violations of the Consumer Protection

8    Act ("CPA"), RCW chapter 19.86.[1]  *See* RCW 19.16.440.  RCW 19.86.090 provides for treble

9    damages (to a limit of $25,000) and attorney's fees.

10       48.    Because RCW Chapter 19.16 is enforced through RCW 19.86 *et seq.*, the below

11   counts alleging violations of RCW Chapter 19.16 are therefore CPA violations.

12       49.    Even minimal or nominal damages constitute "injury" under the CPA.  *Panag*,

13   166 Wn.2d at 57.  A plaintiff need not prove any monetary damages at all, as even

14   "unquantifiable damages" suffice to establish "injury" for purposes of the CPA.  *Id.* (citing

15   *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 740 (1987)).

16                                **Count 3**

17       50.    RCW 19.16.250(21) prohibits the collection, or attempted collection, of any

18   amounts in addition to the principal of a claim other than allowable interest, collection costs, or

19   handling fees expressly authorized by statute, and, in the case of suit, attorney's fees and taxable

20   court costs.

21       51.    Here, Defendant repeatedly demanded money for amounts not owed, primarily

22   

23   [1] *See Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53 (2009) ("Consumer debt collection is a highly regulated field.  When a violation of debt collection regulations occurs, it constitutes a per se violation of the CPA...").

Complaint - 10

1  the costs and fees related to the unlawful garnishment which had not been awarded by any court.

2      52.    Each attempt to collect money from Plaintiffs constitutes a separate attempt

3  amounts obviously not owed.

4      53.    Defendant therefore violated RCW 19.16.250(21) upon each debt collection

5  attempt.

6                                   **Count 4**

7      54.    A collection agency shall not threaten to take any action against the debtor which

8  the licensee cannot legally take at the time the threat is made.  RCW 19.16.250(16).

9      55.    Each time that SBC stated to Plaintiffs that it would continue the garnishment, the

10  threat was legally impermissible.

11      56.    Defendant therefore violated RCW 19.16.250(16) on numerous occasions.

12                                   **Count 5**

13      57.    A collection agency many not "procure from a debtor or collect or attempt to collect

14  on any written note, contract, stipulation, promise or acknowledgment" requiring payment of

15  amounts not owed.  RCW 19.16.250(22).

16      58.    SBC repeatedly sought (and obtained) an unlawful "agreement" requiring payment

17  of amounts not owed, primarily related to costs connected with the unlawful garnishment.

18      59.    Defendant therefore violated RCW 19.16.250(22) on numerous occasions.

19                         **Count 6 – Economic Duress**

20      60.    As stated above, the document procured unlawfully from Plaintiffs was done under

21  duress, and is thus void/unenforceable.

22      61.    An affirmative claim for economic duress exists as well. *See Starks v. Field*, 198

23  Wash. 593, 598 (1939); *Barker v. Walter Hogan Enter., Inc.*, 23 Wn.App. 450, 452 (1979).

Complaint - 11

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

1       62.     Here, SBC applied pressure to Plaintiffs by garnishing (and refusing to release) Mr.

2   White's wages unlawfully.  Even assuming the validity of the underlying judgment, Mr. White

3   had no separate assets of consequence and SBC could not have lawfully obtained payment (but for

4   its unlawful tactics) from marital community assets belonging to Plaintiffs.

5       63.     SBC exploited Plaintiffs' vulnerability in that Plaintiffs stood to lose a substantial

6   amount of earnest money (and the home itself) if they were unable to complete the home purchase,

7   and SBC's garnishment prevented such a purchase (because Plaintiffs could no longer qualify for

8   a loan).

9       64.     Finally, as Plaintiffs were scheduled to close on their home within two months, it

10  would have not only been time-prohibitive, but also cost-prohibitive for Plaintiffs to have initiated

11  and concluded litigation concerning the propriety of the garnishment, as well as whether the entire

12  amount could be collected from the marital community and/or whether an extortionate "settlement

13  agreement" was proper.

14      65.     Thus, Defendant is liable for economic duress and/or business compulsion for the

15  entire amount paid by Plaintiffs, as well as all incidental expenses thereto.

16                              **Request for Injunctive Relief**

17      66.     A plaintiff may seek injunctive relief for violations of the Consumer Protection

18  Act.  RCW 19.86.090.

19      67.     Plaintiffs do seek injunctive relief from this Court which would enjoin Defendant

20  from collecting debts in the manner described above from both Plaintiffs and any other person

21  similarly situated.  *Scott v. Cingular Wireless*, 160 Wn. 2d 843, 853 (2007).

22      68.     Specifically, Plaintiffs seek an injunction prohibiting Defendant from its unlawful

23  collection tactics, including but not limited to demanding money that is not owed, collecting

Complaint - 12

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

1  debts by illegal wage garnishments, and misinforming debtors about the law.

2      69.    Plaintiffs have reason to believe these actions may constitute a pattern and

3  practice of behavior and have impacted other individuals similarly situated.

4      70.    Injunctive relief is necessary to prevent further injury to Plaintiffs and to the

5  Washington public as a whole.

6      71.    Injunctive relief should therefore issue as described herein.

7  **IV.  PRAYER FOR RELIEF**

8  WHEREFORE, Plaintiffs pray:

9      1.    For Judgment against Defendants for actual damages.

    2.    For statutory damages of $1,000.00, for FDCPA violations.

10

    3.    For statutory damages of $2,000.00 per violation, for Washington Collection

11  Agency Act and Consumer Protection Act violations.

12      4.    For treble damages, pursuant to RCW 19.86.090, calculated from the damages

13  determined by the court.

    5.    For costs and reasonable attorney's fees as determined by the Court pursuant to

14  15 U.S.C. 1692k(a)(3).

15      6.    For injunctive relief pursuant to RCW 19.86.090 as described above.

16

17  Respectfully submitted this 20th day of April, 2021.

18                      **ANDERSON SANTIAGO, PLLC**

19

20                      By:_____
                    T. Tyler Santiago, WSBA No. 46004

21                      Jason D. Anderson, WSBA No. 38014
                    Attorneys for Plaintiffs

22                      787 Maynard Ave. S.
                    Seattle, WA 98104

23                      (206) 395-2665
                    (206) 395-2719 (fax)

Complaint - 13

1
2
3
4
5
6
7
8
9
10
11          EXHIBIT A
12
13
14
15
16
17
18
19
20
21
22
23

COPY

SNOHOMISH COUNTY SUPERIOR COURT, STATE OF WASHINGTON

| SB&C, LTD aka SKAGIT BONDED COLLECTORS, L.L.C., | No.: 10-2-07879-5 |
|---|---|
| Plaintiff, | WRIT OF GARNISHMENT FOR SIXTY (60) DAYS CONTINUING LIEN ON EARNINGS & PAYMENTS UNDER CONTRACT |
| vs. | |
| CHRISTOPHER WHITE aka CHRISTOPHER LEE WHITE and JANE DOE, his spouse, | |
| Defendant(s). | This garnishment is based on a judgment or order for: |
| THE BOEING COMPANY dba BOEING | [ ] child support. |
| | [ ] private student loan debt |
| Garnishee | [X] consumer debt |

THE STATE OF WASHINGTON TO:   THE BOEING COMPANY dba BOEING
                                              Garnishee

AND TO: CHRISTOPHER WHITE     SS#: ***-**-1315.

The above-named plaintiff has applied for a writ of garnishment against you, claiming that the above-named defendant is indebted to plaintiff and that the amount to be held to satisfy that indebtedness is $7078.29, consisting of:

| Balance on Judgment(s) | | $6584.47 |
|---|---|---|
| Taxable Costs and Attorney Fees: | | $    0.00 |
| Accrued Interest: | | |
| Interest from 04/23/2020 to 09/21/20: | | $   63.57 |
| Estimated Garnishment Costs: | | |
| Filing Fee | $20.00 | |
| Service and Affidavit Fees | $0.00 | |
| Postage and Costs of Certified Mail | $17.25 | |
| Garnishment Attorney Fee | $300.00 | |
| Exparte Fee | $30.00 | |
| Total Costs | | $  367.25 |
| Plus Estimated Interest (0.70/day*90 days): | | $   63.00 |
| TOTAL | | $7078.29 |

WRIT OF GARNISHMENT                        -1-                 CRAIG E. CAMMOCK
                                                                                SkagitLawGroup,PLLC     360-336-
#5568215-RAQ                                        6502
                                                                                P.O. Box 1048
                                                                                Mount Vernon, WA 98273

THIS IS A WRIT FOR A CONTNIUING LIEN. THE GARNISHEE SHALL HOLD the nonexempt portion of the defendant's earnings due at the time of service of this writ and shall also hold the defendant's nonexempt earnings that accrue through the last payroll period ending on or before SIXTY days after the date of service of this writ. HOWEVER, IF THE GARNISHEE IS PRESENTLY HOLDING THE NONEXEMPT PORTION OF THE DEFENDANT'S EARNINGS UNDER A PREVIOUSLY SERVED WRIT FOR A CONTINUING LIEN, THE GARNISHEE SHALL HOLD UNDER THIS WRIT only the Defendant's nonexempt earnings that accrue from the date the previously served writ or writs terminate and through the last payroll period ending on or before the 60 days after the date of termination of the previous writ or writs. IN EITHER CASE, THE GARNISHEE SHALL STOP WITHOHOLDING WHEN THE SUM WITHHELD EQUALS THE AMOUNT STATED IN THIS WRIT OF GARNISHMENT.

YOU ARE HEREBY COMMANDED, unless otherwise directed by the court, by the attorney of record for the plaintiff, or by this writ, not to pay any debt, whether earnings subject to this garnishment or any other debt, owed to the defendant at the time this writ was served and not to deliver, sell, or transfer, or recognize any sale or transfer of, any personal property or effects of the defendant in your possession or control at the time when this writ was served. Any such payment, delivery, sale, or transfer is void to the extent necessary to satisfy the plaintiff's claim and costs for this writ with interest.

YOU ARE FURTHER COMMANDED to answer this writ according to the instructions in this writ and in the answer forms and, within twenty days after the service of the writ upon you, to mail or deliver the original of such answer to the court, one copy to the plaintiff or the plaintiff's attorney, and one copy to the defendant, at the addresses listed at the bottom of this writ.

If, at the time this writ was served, you owed the defendant any earnings (that is, wages, salary, commission, bonus, tips or other compensation for personal services or any periodic payments pursuant to a nongovernmental pension or retirement program), the defendant is entitled to receive amounts that are exempt from garnishment under federal and state law. You must pay the exempt amounts to the defendant on the day you would customarily pay the compensation or other periodic payment. As more fully explained in the answer, the basic exempt amount is the greater of 75% of disposable earnings or a minimum amount determined by reference to the employee's pay period, to be calculated as provided in the answer.

However, if this writ carries a statement in the heading of "This garnishment is based on a judgment or order for:"

- ☐ "child support," the basic exempt amount is 50 percent of disposable earnings; or
- ☐ "private student loan debt," the basic exempt amount is the greater of 85 percent of disposable earnings or 50 times the minimum hourly wage of the highest minimum wage law in the state at the time the earnings are payable; or
- ☐ "consumer debt," the basic exempt amount is the greater of 80 percent of disposable earnings or 35 times the state minimum hourly wage.

YOU MAY DEDUCT A PROCESSING FEE FROM THE REMAINDER OF THE EMPLOYEE'S EARNINGS AFTER WITHHOLDING UNDER THIS WRIT. THE PROCESSING FEE MAY NOT EXCEED

WRIT OF GARNISHMENT            -2-            CRAIG E. CAMMOCK
                                             SkagitLawGroup,PLLC      360-336-
#5568215-RAQ                       6502
                                             P.O. Box 1048
                                             Mount Vernon, WA 98273

1    TWENTY DOLLARS FOR THE FIRST ANSWER AND TEN DOLLARS AT THE TIME YOU SUBMIT THE
     SECOND ANSWER.

2
         If you owe the defendant a debt payable in money in excess of the amount
3    set forth in the first paragraph of this writ, hold only the amount set forth
     in the first paragraph and any processing fee, if one is charged, and release
4    all additional funds or property to defendant.

         IF YOU FAIL TO ANSWER THIS WRIT AS COMMANDED, A JUDGMENT MAY BE ENTERED
5    AGAINST YOU FOR THE FULL AMOUNT OF THE PLAINTIFF'S CLAIM AGAINST THE DEFENDANT
     WITH ACCRUING INTEREST, ATTORNEY FEES, AND COSTS WHETHER OR NOT YOU OWE
6    ANYTHING TO THE DEFENDANT. IF YOU PROPERLY ANSWER THIS WRIT, ANY JUDGMENT
     AGAINST YOU WILL NOT EXCEED THE AMOUNT OF ANY NONEXEMPT DEBT OR THE VALUE OF
7    ANY NONEXEMPT PROPERTY OR EFFECTS IN YOUR POSSESSION OR CONTROL.

         JUDGMENT MAY ALSO BE ENTERED AGAINST THE DEFENDANT FOR COSTS AND FEES
8    INCURRED BY THE PLAINTIFF.

9        WITNESS, the Honorable ____**BRUCE I. WEISS**____, Judge of the above-

10   entitled Court, and the seal thereof, this ____ day of __**SEP 2 5 2020**__,
     20___.
11                                          **HEIDI PERCY**
                                     **SNOHOMISH COUNTY CLERK**
12                           SNOHOMISH COUNTY SUPERIOR COURT CLERK
                             3000 ROCKEFELLER AVENUE m/s 605
13                           EVERETT WA 98201

14                                    J. Siverson
                                      DEPUTY CLERK
15                                                              SEAL

16

17   CRAIG E. CAMMOCK, WSBA #24185
     Attorney for Plaintiff
18   P.O. Box 1048
     Mount Vernon, WA 98273

19

     Address of the Clerk of the Court:
20   SNOHOMISH COUNTY SUPERIOR COURT CLERK
     3000 ROCKEFELLER AVENUE
21   EVERETT, WA 98201

22
     Name and Address of the Defendant:
23       CHRISTOPHER WHITE
         4500 HARBOUR POINTE BLD #317
24       MUKILTEO, WA 98275

25

     WRIT OF GARNISHMENT            -3-            CRAIG E. CAMMOCK
                                                  SkagitLawGroup,PLLC      360-336-
     #5568215-RAQ                        6502
                                                  P.O. Box 1048
                                                  Mount Vernon, WA 98273

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT B

FILED

2020 MAY -5 PM 4:23

HEIDI PERCY
COUNTY CLERK
SNOHOMISH CO. WASH

18-2-07879-5
OREXTJD        2
Order Extending Judgment
6143530

1
2
3
4
5

6        SNOHOMISH COUNTY SUPERIOR COURT, STATE OF WASHINGTON

7    SB&C, LTD aka SKAGIT BONDED COLLECTORS, L.L.C.,        No.: 10-2-07879-5

8            Plaintiff,
             vs.                                    MOTION AND ORDER FOR
9                                                   EXTENSION OF JUDGMENT
     CHRISTOPHER WHITE aka CHRISTOPHER LEE WHITE and JANE    PER RCW 6.17.020
10   DOE, his spouse,

11           Defendant(s),                          **ORIGINAL**

12                              JUDGMENT SUMMARY

13   1. Judgment Creditor: SB&C, LTD aka SKAGIT BONDED COLLECTORS, L.L.C.

14   2. Judgment Debtors: CHRISTOPHER WHITE aka CHRISTOPHER LEE WHITE and JANE DOE, his
     spouse,
15
     3. Previous Judgment Amount:                   $2971.29
16
     4. Additional legal/garn costs:                $    40.00
17
     5. Post Judgment Interest thru 04/23/20:       $ 3343.18
18
     6. Less Payments and Credits:                  $    0.00
19
     7. Sub-total:                                  $6354.47
20
     8. Filing fee to extend judgment pursuant to RCW 6.17.020    $ 230.00
21

22          TOTAL                                   $6584.47

23   For consumer debt, the Total Judgment Amount Shall Bear Interest at the rate of 9% per
     annum. For non-consumer debt, the Total Judgment Amount Shall Bear Interest at the rate of
24   12% per annum.
     Attorney for Judgment Creditor: CRAIG E. CAMMOCK
25

     EXTENSION OF JUDGMENT                    CRAIG E. CAMMOCK
                                              SkagitLawGroup,PLLC    360-336-6502
     #5568215-RAQ                             P.O. Box 1048
                                              Mount Vernon, WA 98273

Ex parte

## MOTION

COMES NOW the Plaintiff, pursuant to RCW 6.17.020, and petitions the Court to extend that certain judgment entered against CHRISTOPHER WHITE aka CHRISTOPHER LEE WHITE and JANE DOE, his spouse, herein on 05/17/10 for an additional ten (10) years, in that said judgment remains wholly or partially unsatisfied despite diligent collection efforts by the Plaintiff.

Dated this 22nd day of _____ April _____, 2020.

_____
CRAIG E. CAMMOCK, WSBA #24185
Attorney for Plaintiff

Jeannie Englund
WSBA #33548

## ORDER

THIS MATTER coming on regularly before the above entitled Court upon motion of plaintiff for extension of judgment against CHRISTOPHER WHITE aka CHRISTOPHER LEE WHITE and JANE DOE, his spouse ; the Court having examined the files and records herein; and the Court being fully advised, now, therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that Plaintiff's application is granted and Plaintiff's judgment, together with costs of $230.00 for a total judgment in the amount of $6584.47 is hereby extended for an additional 10 years expiring 05/17/2030.

DATED this 3rd day of _____ May _____, 2020.

_____
JUDGE/COURT COMMISSIONER

Presented by:

_____
CRAIG E. CAMMOCK, WSBA #24185
Attorney for Plaintiff

Jeannie Englund
WSBA #33548

EXTENSION OF JUDGMENT

#5568215-RAQ

CRAIG E. CAMMOCK
SkagitLawGroup,PLLC          360-336-6502
P.O. Box 1048
Mount Vernon, WA 98273

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT C

FILED

20 SEP 25 PM 3:34

HEIDI PERCY
COUNTY CLERK
SNOHOMISH CO. WASH.

ORIGINAL



10-2-07879-5
WHO        3
Writ of Garnishment
8807211

SNOHOMISH COUNTY SUPERIOR COURT, STATE OF WASHINGTON

STATE OF WASHINGTON,

SB&C, LTD aka SKAGIT BONDED COLLECTORS, L.L.C.,

       Plaintiff,

  VS.

CHRISTOPHER WHITE aka CHRISTOPHER LEE WHITE and JANE DOE, his spouse,
       Defendant(s).

THE BOEING COMPANY dba BOEING
      Garnishee

No.:  10-2-07879-5

AFFIDAVIT FOR WRIT OF GARNISHMENT ON JUDGMENT FOR CONTINUING LIEN ON EARNINGS & PAYMENTS UNDER CONTRACT

STATE OF WASHINGTON  )
               ) ss.
COUNTY OF SKAGIT      )

The undersigned, being first duly sworn on oath deposes and says:

1.  I am a legal clerk and custodian of the records for SB&C, LTD aka SKAGIT BONDED COLLECTORS, L.L.C.. I make this affidavit in support of Assignee of Plaintiff's application for a Writ of Garnishment.

2.  As of this date, 9/21/2020, the above-named defendant is indebted to Assignee of Plaintiff in the amount of $6662.74, on a wholly or partially unsatisfied judgment in the principal amount of $2330.00, plus collection costs and/or treble damages of $0.00, plus court costs and reasonable attorney's fees in the amount of $617.50 and interest in the sum of $3715.24.  Interest accrues at the rate of 12% per annum.

AFFIDAVIT OF WRIT OF GARNISHMENT   -1-

#5568215-RAQ

CRAIG E. CAMMOCK
SkagitLawGroup,PLLC   360-336-6502
P.O. Box 1048
Mount Vernon, WA 98273

3. I have good reason to believe and do believe that the

garnishee defendant:   THE BOEING COMPANY dba BOEING
                       ATTN: GARNISHMENTS P.O. BOX 3707 M/C 6X5-22
                       SEATTLE, WA  98124-2207

is indebted to the defendant in amounts exceeding those exempted from

garnishment by any state or federal law, or that the garnishee defendant has

possession or control of personal property or effects belonging to the

defendant which are not exempted from garnishment by and state or federal law.

4. The garnishee defendant is believed to be the employer of the

defendant herein.

Assignee of Plaintiff is attempting to collect a debt, and any

information obtained will be used for that purpose.

I certify and declare under penalty of perjury under the laws

of the State of Washington that the foregoing is true and correct.

                         SB&C, LTD aka SKAGIT BONDED
                         COLLECTORS, L.L.C.

                    BY: _____
                         RAQUEL RINCON-GUZMAN

ASSIGNEE OF PLAINTIFF'S ADDRESS
-------------------------------
SB&C, LTD aka SKAGIT BONDED COLLECTORS, L.L.C.
1520 E. COLLEGE WAY
P. O. BOX 519
MOUNT VERNON, WA  98273
TELEPHONE:  (360) 336-3116

AFFIDAVIT OF WRIT OF GARNISHMENT       -2-                CRAIG E. CAMMOCK
                                                         SkagitLawGroup,PLLC    360-336-6502
#5568215-RAQ                                             P.O. Box 1048
                                                         Mount Vernon, WA 98273

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT D

Dear SB&c, Ltd aka SKAGIT BONDED COLLECTORS, L.L.C. Or whom it may concern, No: 10-2-07879-5

! Christopher Lee White and I, Deborah White, maiden name Deborah Goodson, were married on 08-20-16, in snohomish county, find attached marriage certificate. I am telling you to stop garnishing our paycheck, and return any and all money ASAP, that you have already garnished!
You have 10 days from the date of this letter sent via fax, on 10-15-20 to stop garnishing our martial, community property paychecks!
Thank you!


Christopher White

Deborah White

 **Washington State Department of Health**

**Washington State**
**CERTIFICATE OF MARRIAGE**



201610204027          1    PG
10/20/2016 3:48pm $0.00
SNOHOMISH COUNTY, WASHINGTON

201607254049          1    PG
07/25/2016 3:56pm $66.00
SNOHOMISH COUNTY, WASHINGTON

*Duplicate Original*

| COUNTY OF LICENSE: | SNOHOMISH |
|---|---|

| DATE VALID | NOT VALID AFTER |
|---|---|
| 07 | 28 | 2016 | 09 | 23 2016 |

Marriage ceremony must be performed in the State of Washington.

Please type or print clearly in permanent black ink.

**State File Number**

**COUNTY AUDITOR:**

| COUNTY AUDITOR'S SIGNATURE | DATE RECEIVED (MM|DD|YYYY) |
|---|---|
| X  Carolyn Weikel | OCT 20 2016 |

**PERSON A**  CHECK ONE  ☒ BRIDE ☐ GROOM ☐ SPOUSE

LEGAL NAME BEFORE MARRIAGE (FIRST/MIDDLE/LAST)
Deborah Christine Goodson

BIRTH NAME (IF DIFFERENT)   ☐ MALE ☒ FEMALE

CURRENT RESIDENCE – STREET, CITY/TOWN
413 46th St. SE, Everett

| COUNTY OF RESIDENCE | STATE OF RESIDENCE |
|---|---|
| Snohomish | WA |

| DATE OF BIRTH (MM|DD|YYYY) | BIRTH STATE (IF NOT USA, PROVIDE COUNTRY) |
|---|---|
| ▮▮▮ 1983 | WA |

MOTHER/PARENT BIRTH NAME
Roberta Quandt

FATHER/PARENT BIRTH NAME
Thomas Goodson

| MOTHER/PARENT BIRTH STATE (OR COUNTRY) | FATHER/PARENT BIRTH STATE (OR COUNTRY) |
|---|---|
| Alaska | California |

**PERSON B**  CHECK ONE  ☐ BRIDE ☒ GROOM ☐ SPOUSE

LEGAL NAME BEFORE MARRIAGE (FIRST/MIDDLE/LAST)
Christopher Lee White

BIRTH NAME (IF DIFFERENT)   ☒ MALE ☐ FEMALE

CURRENT RESIDENCE – STREET, CITY/TOWN
413 46th St. SE, Everett

| COUNTY OF RESIDENCE | STATE OF RESIDENCE |
|---|---|
| Snohomish | WA |

| DATE OF BIRTH (MM|DD|YYYY) | BIRTH STATE (IF NOT USA, PROVIDE COUNTRY) |
|---|---|
| ▮▮▮ 1983 | CA |

MOTHER/PARENT BIRTH NAME
TUINANAU UEPA

FATHER/PARENT BIRTH NAME
RAYMOND WHITE

| MOTHER/PARENT BIRTH STATE (OR COUNTRY) | FATHER/PARENT BIRTH STATE (OR COUNTRY) |
|---|---|
| AMERICAN SAMOA | CALIFORNIA |

**OFFICIANT**

I certify that the undersigned, by authority of license issued by the County noted above, did on this day join in lawful wedlock with their mutual consent in the presence of witnesses. In testimony whereof, witness our signatures:

| DATE OF MARRIAGE (MM|DD|YYYY) | COUNTY OF CEREMONY | TYPE OF CEREMONY (CHECK ONE) | DATE SIGNED (MM|DD|YYYY) |
|---|---|---|---|
| 08 | 20 | 2016 | SNOHOMISH | ☒ RELIGIOUS ☐ CIVIL | 08 | 20 | 2016 |

| OFFICIANT'S ADDRESS (STREET, CITY, STATE AND ZIP CODE) PLEASE PRINT | OFFICIANT'S DAYTIME PHONE |
|---|---|
| 3661 PHINNEY AVN. SEATTLE WA 98103 | 206-617-5679 |

OFFICIANT'S NAME (PRINT)
DR. LAEL ATKINSON

OFFICIANT'S SIGNATURE
X  *Lael Atkinson*

WITNESS SIGNATURE
X

WITNESS SIGNATURE
X

| PERSON A SIGNATURE | DATE SIGNED (MM|DD|YYYY) |
|---|---|
| X | 08 | 20 | 2016 |

| PERSON B SIGNATURE | DATE SIGNED (MM|DD|YYYY) |
|---|---|
| X | 08 | 20 | 2016 |

DOH/CHS 005 (REV 12/2012)                    FORM VALID ON DECEMBER 6, 2012

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT E

# CHASE ◯

## Terms and Conditions (Remitter and Payee):

* Please keep this copy for your record of the transaction
* The laws of a specific state will consider these funds to be "abandoned"
  if the Cashier's Check is not cashed by a certain time
    - Please cash/deposit this Cashier's Check as soon as possible to
      prevent this from occurring
    - In most cases, the funds will be considered "abandoned"
      before the "Void After" Date
* Placing a Stop Payment on a Cashier's Check
    - Stop Payment can only be placed if the Cashier's Check
      is lost, stolen, or destroyed
    - We may not re-issue or refund the funds after the stop payment has
      been placed until 90 days after the original check was issued
* Please visit a Chase branch to report a lost, stolen, or destroyed Cashier's Check
  or for any other information about this item

**FOR YOUR PROTECTION SAVE THIS COPY**       **Customer Copy**

**CASHIER'S CHECK**                                    ████1520

11/06/2020
Void after 7 years

**Remitter:**  DEBORAH C WHITE/CHRISTOPHER L WHITE

$** 7,200.00 **

**Pay To The**  SB & C /SKAGIT BONDED COLLECTORS
**Order Of:**

Memo.
Note: For information only. Comment has no effect on bank's payment.

Drawer: **JPMORGAN CHASE BANK, N.A.**
**NON NEGOTIABLE**

---

262111107 NEW 01/08 8810004306

HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK       **CASHIER'S CHECK**       HOLD DOCUMENT U████ TO VIEW TRUE WATERMARK

# CHASE ◯                                               ████1520   91-2
                                                                    1221
                                        Date   11/06/2020   Void after 7 years

**Remitter:**  DEBORAH C WHITE/CHRISTOPHER L WHITE

**Pay To The**  SB & C /SKAGIT BONDED COLLECTORS
**Order Of:**

**Pay:** SEVEN THOUSAND TWO HUNDRED DOLLARS AND 00 CENTS       $** 7,200.00 **

AE██ 8215 and 557 812
Do not write outside the box
Memo. CASE# 10-2-07879-5
Note: For information only. Comment has no effect on bank's payment.

Drawer: **JPMORGAN CHASE BANK, N.A.**

Reginald Chambers, Chief Administrative Officer
JPMorgan Chase Bank, N.A.
Phoenix, AZ

2226⊩

11-6-20

Dear SB and C, Ltd.
RE#: ███ 8215 and ███ 1812, Case#: 10-207879-5
I don't understand why you sent me this lengthy
letter on October 30th, 2020, I simply just asked
to be sent the total amount supposedly owed
on the judgement. The Sep. 25th, 2020 garnishment
you signed says that the total amount
is $7078.29 which includes estimated
interest for 90 days. As I explained, this
just needs to be stopped from garnishing
my checks, so I am enclosing a payment
of $7,200.00, which should cover any other
expenses or interest, send me back the
difference within 10 days. Just to be
clear, I am only paying this to stop the
garnishment, as the garnishment is holding
up the purchase of a home for my family
that we put a substantial amount of
Ernest money down on back in August
of 2020, and have been told by my
Mortgage lender we cannot close our
mortgage with the garnishment from my
checks.
  Christopher White

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT F

Nov. 12. 2020  4:52PM·  SB&C LTD                                   No. 6250   P. 1



SB&C, Ltd.
A Professional Debt Collection Agency

## FACSIMILE TRANSMITTAL SHEET

| TO:<br>christopher white | FROM:<br>may |
|---|---|
| COMPANY: | DATE.<br>11.12.20 |
| FAX NUMBER.<br>425-259-3363 | PHONE NUMBER:<br>360.848.6552 |
| RE<br>▮8215 | TOTAL NO. OF PAGES INCLUDING COVER.<br>5 |

☐ URGENT  ☐ FOR REVIEW     ☐ PLEASE COMMENT   ☐ PLEASE REPLY     ☐ PLEASE RECYCLE

NOTES/COMMENTS:

The information contained in this transmission is confidential and intended solely for the use of the recipient named above. Dissemination, distribution, or duplication of this communication by other than the intended recipient is strictly prohibited. If received in error, please notify us immediately by telephone at the number listed below, and return this document to us at the address below via U.S. Mail. Postage costs will be reimbursed.

P.O. Box 519/ 1520 E. COLLEGE WAY
MOUNT VERNON, WA  98273
(360) 336- 3116 OR TOLL FREE (877) 336- 3116 FAX# (360) 338- 5109

 **SB&C, Ltd.**

1520 E. College Way
P.O. Box 519
Mount Vernon, WA 98273
360-336-3116   360-336-5109 (fax)

A Professional Debt Collection Agency

November 13, 2020

Christopher White
413 46ᵗʰ St SE
Everett, WA 98203

RE#:        ▓8215
Case #:     10-2-07879-5
Balance:    $ 7066.39

*This letter constitutes an offer of settlement pursuant to ER 408 and this letter and all statements contained herein are intended to be inadmissible in any proceeding.*

Dear Mr. White;

Pursuant to our recent communication, we attached a Settlement Agreement for $7036.39. Please sign and return the agreement along with payment to the address provided on or before 11/12/20.

If you should have any additional questions, you can reach our office at the address or telephone number provided.

For your review, I also attached a complete breakdown. This breakdown includes costs associated with the pending garnishment that have not been reduced to Judgment in the amount of $567.25.

Respectfully,

May Rylee, Supervisor
SB&C Ltd.

SB&C Ltd. is a professional debt collection company.
This is an attempt to collect a debt.
Any information obtained will be used for that purpose.

Nov. 12  2020  4:52PM   SB&C LTD                                    No. 6250   P. 3

# 5568215
ID RAQ


## SETTLEMENT AGREEMENT
## (Garnishment)


WHEREAS:


The undersigned Defendant(s) wishes to resolve this judgment, Cause # 10-2-07879-6 , without further action.

Defendant(s) acknowledges that if the legal process continues, SB&C, LTD a/k/a Skagit Bonded Collectors, L.L.C (SB&C) will prevail and enforce the judgment against Defendant(s) for amounts due to Plaintiff in an amount sufficient to cover costs, attorney's fees and part or all of the balance due.

SB&C is willing to proceed with the collection of the judgment, but will accept a reasonable offer of settlement if made by Defendant(s).

THEREFORE:

Defendant(s) offers to pay SB&C $ 7036.39 . SUCH SUM SHALL BE IN FULL SETTLEMENT AND SATISFACTION OF THE JUDGMENT.

SB&C agrees to accept the above offer by the Defendant(s) and upon receipt of the balance SBC agrees not to pursue the current judgment, nor take further garnishment action on this judgment.

SB&C and Defendant(s) hereby release, remise, acquit and forever discharge each other, together with its employees, clients, agents, representatives, attorneys, officers, directors, partners, predecessors, successors and assigns, subsidiary corporations, parent corporations, and related corporate divisions, from any and all actions and causes of action, judgments, suits, claims, demands, liabilities, obligations, damages and expenses of any and every character, known or unknown, direct and/or indirect, at law or in equity, of whatsoever kind or nature, whether heretofore or hereafter accruing, for or because of any matter or things done, omitted or suffered to be done by either SB&C or Defendant(s) prior to and including the date hereof, in any way directly or indirectly arising out of or in any way relating to the subject matter of the Complaint, the judgment, this garnishment, or any of the transactions or events associated therewith.

Notwithstanding anything to the contrary, this release shall be limited to: (i) a release by SB&C of those claims by SB&C against Defendant(s) that were expressly set forth in the

Page 1 of 2

complaint and which were subsequently reduced to judgment resulting in this garnishment;
and (ii) those claims by Defendant(s) that were, or could have been, brought against SB&C
as a counterclaim in this suit or which arise out of or relate to the garnishment or this
settlement agreement. Also notwithstanding anything to the contrary, this release shall not
in any way release Defendant(s) from any accounts that SB&C has or will try to collect from
Defendant(s) in the future other than those accounts set forth in the complaint for which
final judgment was entered.

Defendant(s) is/are hereby advised that the Defendant(s) has/have the opportunity to have
this document reviewed by counsel of Defendant's choice prior to signing.  Defendant(s_)
agrees that no interpretation or construction shall be made with respect to this document
based on which party drafted the document.

IN WITNESS WHEREOF, the undersigned have hereunto set their hands this _____ day of

_____ , _____

                                            SB&C, LTD.  a/k/a
                                            Skagit Bonded Collectors, L.L.C.


X_____              BY:_____

       Defendant                            Signature (SB&C, Ltd.)


_____              _____

   Print Defendant Name                  Print name (SB&C, Ltd.)


                                      _____

                                         Title (SB&C, Ltd.)

Nov. 12. 2020 4:52PM   SB&C LTD                                    No. 6250   P. 5

This information is provided to assist you in determining how the
balance was arrived at and to whom the original balance was owed.
You may owe SB&C balances that are not included in the accounts
that are the subject of this document.  Please check with our
office at the number shown on the front to determine if you have
additional balances due.  This communication is from a debt collector.

| ACCOUNT # | CREDITOR | INT RATE | SERVICE DTE |
|---|---|---|---|
| 8215 | WESLEY STREET CONDOMINIUMS*** | 9.00% | 08/01/09 |
| 1812 | WESLEY STREET CONDOMINIUMS*** | 9.00% | 09/01/09 |

| ACCOUNT # | PRIN | INT | NSF | CC | ATTYS | OTHER | AGCY INT | TOTAL |
|---|---|---|---|---|---|---|---|---|
| 8215 | 2150.00 | 120.00 | 0.00 | 784.75 | 200.00 | 0.00 | 3359.66 | 6614.41 |
| 1812 | 180.00 | 10.00 | 0.00 | 0.00 | 0.00 | 0.00 | 261.98 | 451.98 |

KEY
PRIN:    = PRINCIPAL ASSIGNED BY CREDITOR
INT      = INTEREST,SERVICE CHARGES,AND/OR LATE FEES ACCRUED PRIOR TO ASSIGNMENT
NSF      = IF THERE WAS AN NSF CHECK(S), THIS WILL BE THE REASONABLE HANDLING FEE(S)
           AND/OR NSF COLLECTION COSTS (IF ANY) AUTHORIZED BY RCW 62A.3-515.
CC       = COURT COSTS
ATTYS    = ATTORNEY FEES AUTHORIZED BY THE COURT OR BY STATUTE
OTHER    = IF THE CREDITOR IS A PUBLIC BODY, A COURT, OR A CREDIT
           UNION, THIS IS A CHARGE AUTHORIZED BY RCW 19.16.500,
           RCW 3.02.045, OR RCW 31.12.402(5) RESPECTIVELY.  IF THIS IS AN
           NSF CHECK, THIS IS A PENALTY FEE AUTHORIZED BY RCW 62A.3-515
           IF THIS IS A COMMERCIAL ACCOUNT. THIS IS A COLLECTION COST
           AUTHORIZED BY RCW 19.16.250 (21).
AGCY INT = INTEREST ACCRUED SINCE THE ACCOUNT WAS ASSIGNED FOR COLLECTION
INT RATE = CURRENT RATE AT WHICH INTEREST ACCRUES (PER ANNUM)