UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBORAH WHITE and CHRISTOPHER WHITE,<br><br>                    Plaintiffs,<br><br>        v.<br><br>SKAGIT BONDED COLLECTORS, LLC,<br><br>                    Defendant. | CASE NO. 2:21-cv-00697-LK<br><br>ORDER DENYING MOTION TO EXTEND DEADLINE |

This matter comes before the Court on Defendant Skagit Bonded Collectors, LLC's motion to extend the deadline to file discovery motions. Dkt. No. 22.

Pursuant to a scheduling order issued by the Court in July 2021, discovery motions in this case are due January 27, 2022. Dkt. No. 7. On January 19, 2022—eight days before the deadline—Skagit Bonded Collectors, LLC ("SBC") filed a motion to extend the deadline by 28 days. Dkt. No. 22. The Motion is noted for consideration on January 28, 2022, one day after the deadline SBC asks the Court to extend. For the reasons that follow, the Court DENIES the Motion.

ORDER DENYING MOTION TO EXTEND DEADLINE - 1

Local Civil Rule 7(j) cautions that, "whenever possible," a motion for relief from a deadline should "be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline. Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise." Moreover, "[i]f a true, unforeseen emergency exists that prevents a party from meeting a deadline, and the emergency arose too late to file a motion for relief from the deadline," the parties should meet and confer and file a stipulation and proposed order with the court, or "alternatively, the parties may use the procedure for telephonic motions in LCR 7(i)."

Here, SBC waited until eight days before the deadline to file its motion. In its motion, SBC does not indicate that anything prevented it from filing the motion sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline. Instead, SBC states that it wants an extension in case the Court's orders on the motions for summary judgment (noted for consideration on January 7, 2022, Dkt. Nos. 8, 12) render it unnecessary for SBC to file a motion to compel. Dkt. No. 22 at 2. SBC avers that if such motion is rendered unnecessary, the extension "could save the parties attorney fees." *Id.*

The Court has broad discretion to control discovery. *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). Indeed, upon a showing of good cause, the Court may limit or deny discovery. Fed. R. Civ. P. 26(c). Although a court may relieve a party from the burdens of discovery while a dispositive motion is pending, this is the exception and not the rule. *See Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *cf. Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (finding that a motion to dismiss is not grounds for staying discovery, and that leniently allowing stays pending these motions is "directly at odds with the need for expeditious resolution of litigation"). A pending dispositive motion is generally not grounds for staying discovery or extending discovery-related deadlines. *See Old Republic Title,*

*Ltd. v. Kelley*, No. C10-0038JLR, 2010 WL 4053371, at *4 (W.D. Wash. Oct. 13, 2010) (citing *Gray*, 133 F.R.D. at 40); *Clayton v. Tri City Acceptance, Inc.*, No. C18-00308-DJH-LLK, 2019 WL 13116557, at *2 (W.D. Ky. Aug. 23, 2019).

The Court addressed a similar request in *Edmonds v. Amazon.com, Inc.*, No. C19-1613-JLR, 2020 WL 8996835 (W.D. Wash. Mar. 6, 2020). There, the defendant sought a stay of discovery, arguing that the stay would promote efficiency if the Court were to grant its motion to dismiss. *Id.* at *2. Just as the Court in *Edmonds* found such speculation to be an insufficient basis to stay discovery, *id.*, this Court finds that speculation regarding its rulings on the pending summary judgment motions is an insufficient basis to extend the discovery motion deadline. *See also Rosario v. Starbucks Corp.*, No. C16-01951-RAJ, 2017 WL 4122569, at *1 (W.D. Wash. Sept. 18, 2017) (denying a motion to stay discovery where the movant "argue[d] that a stay would free the parties from the burden and expense of unnecessary discovery, but offer[ed] no other reason why discovery should be delayed").

In addition, although SBC argues that extending the deadline could save the parties attorney fees, SBC has already incurred—and forced the Plaintiffs to incur—additional attorney fees in connection with its motion to extend the deadline. Moreover, SBC's delay in filing its motion has needlessly inconvenienced the Court. Under Local Civil Rule 7(d), SBC's motion is noted for consideration one day *after* the deadline that SBC seeks to extend. The Plaintiffs' response is not due until January 26, 2022. LCR 7(d). As mentioned above, the deadline itself is the next day—January 27, 2022. SBC's reply is due on January 28. SBC's timing thus forces the Court to rule on the motion without the benefit of full briefing (and less than 24 hours to consider the Plaintiffs' briefing if filed on the due date), or else deny the motion as moot once it is ripe for consideration.

SBC's requested due date for discovery motions poses a similar problem. SBC asks the Court to set the deadline for discovery motions as February 24, 2022, but the deadline to complete discovery is March 7, 2022. Dkt. No. 7. If a party were to file a discovery motion on or after February 18, 2022, it would be noted for consideration after the deadline to complete discovery. *See* LCR 7(d). Even if a party were to file its motion by February 11, 2022, it would be noted for consideration one business day before the deadline. Thus, although SBC has not requested extensions of the deadline for completing discovery, the relief it requests in its motion threatens to disrupt that and other subsequent deadlines in this case.

For the foregoing reasons, SBC's Motion to Extend Deadline is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 24th day of January, 2022.

Lauren King
United States District Judge

ORDER DENYING MOTION TO EXTEND DEADLINE - 4