The Honorable Lauren King

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEBORAH WHITE AND CHRISTOPHER WHITE,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>SKAGIT BONDED COLLECTORS, LLC<br><br>　　　　　Defendant. | NO. 2:21-cv-00697-LK<br><br>**SUPPLEMENTAL BRIEFING ON MOTIONS FOR SUMMARY JUDGMENT (per dkt. #34)** |

## I. INTRODUCTION

To provide a meaningful and coherent response to this Court's Order, Plaintiffs must first provide their reasoning.

As Plaintiffs read the Order, they confess some difficulty reconciling "Part I" (pp. 1-19) with "Part II" (pp. 20-25). This is likely due to a lack of clarity in Plaintiffs' briefing, for which Plaintiffs take responsibility. In particular, Plaintiffs may not have succinctly explained the relevant timeline, which should have more acutely shown that Mr. White was forced to sign the "settlement agreement" only *after* SBC already had received payment in full on the judgment. This Court correctly ruled that SBC was not entitled to garnish Mr. White's wages (as it was prohibited by law); for the same reason, as of November 16, 2020, SBC was also not entitled to

PLAINTIFFS' SUPPLEMENTAL BRIEFING - 1
2:21−cv−00697-LK

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

pursue the judgment (as it is unlawful to pursue a judgment which has been paid). Thus, section (2) of this Court's request for briefing presents a conundrum, as it is predicated on SBC's consideration being the relinquishment of a right (to collect on a judgment) which it no longer possessed.

## II. FACTUAL CLARIFICATION

"SBC was not entitled to garnish Mr. White's wages at all, so it had no right to continue the garnishment *or to threaten to continue the garnishment to extract a release from Mr. White*." Dkt. #34 at 14 (emphasis added). Yet, *that is exactly what SBC did*. At the same time, this Court explained, "[h]owever, the settlement did not just obligate SBC to stop the illegal garnishment; it also obligated SBC 'not to pursue the current judgment.'" *Id*. at 24. Plaintiffs respectfully suggest that this might not be the case; SBC was paid in full by November 11, 2020, and therefore as of November 16, 2020 (the date of the "settlement agreement"), SBC could not pursue any judgment *because it had already been paid*.

Plaintiffs do not raise this issue to be disagreeable, but as a matter of clarification. The predicate to this Court's request for additional briefing is that a contract between Mr. White and SBC exists, which was determined by virtue of the consideration being SBC giving up its "right to enforce the judgment." This was a right which SBC no longer possessed. Plaintiffs apologize for not making this clearer in their briefing.

### A. There Was Nothing Being "Settled"

Plaintiffs fully agree that Washington law favors settlement over litigation (dkt. #34 at 24), but that presupposes that there is a dispute to be settled, and an agreement for the same. At the time Mr. White signed SBC's document, November 16, 2020, Mr. White had already paid the judgment in full by sending a $7,200 cashier's check. (Indeed, he had *overpaid* the judgment; as

PLAINTIFFS' SUPPLEMENTAL BRIEFING - 2
2:21−CV−00697-LK

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

1  this Court ruled, SBC was not entitled to its garnishment fees and costs (dkt. #34 at 14-15), and as

2  such, the most Mr. White owed on the judgment would have been $6,675.34.  Dkt. #12 at 14

3  (showing calculations).)  Thus, as of November 16, 2020, SBC (1) had Mr. White's payment in

4  full and (2) stated that it would continue the unlawful garnishment unless its document was signed.

5        It is difficult to understand what Mr. White was receiving (or what SBC was giving up) in

6  exchange for the wholesale waiver of all of Mr. White's rights.

7      **B.  <u>SBC Could Not Lawfully Refuse Payment</u>**

8        To be clear, SBC did not have a choice whether to accept payment in full, and its artificial

9  distinctions (such as being unwilling to "apply the money" while holding onto the check, dkt. #34

10 at 4) do not change this.  SBC, however, falsely told Plaintiffs that it was a *requirement* to sign a

11 "settlement agreement"; but for this false statement, there can be no question that Mr. White never

12 would have signed the document.  *See* dkt. #12-3 at 5-6.

13       It remains the law in Washington "that the payment of a judgment by one primarily liable

14 will extinguish it…"  *Lachner v. Myers*, 121 Wash. 172, 174 (1922); *see also Khalid v. Citrix Sys.,*

15 *Inc.*, 20 Wn. App. 2d 1064 (2022) (unpublished) (*see* GR 14.1 (unpublished decisions after 2013

16 may be cited as nonbinding authority)) ("The law of tender is as much for the benefit of the creditor

17 as the debtor. The creditor cannot refuse a tender believing it to be to his advantage to do so")

18 (quoting *Murray v. O'Brien*, 56 Wash. 361, 378 (1909)).  Further, a creditor may only refuse to

19 accept payment when that amount is *less* than the amount owed on the judgment, which is

20 obviously not the case here.  *Lindsay v. Pac. Topsoils, Inc.*, 129 Wn.App. 672, 678–79 (2005).

21       As the Washington Supreme Court recently affirmed, once a judgment creditor has been

22 paid in full, the judgment is satisfied as a matter of law.  *Fireside Bank v. Askins*, 195 Wn.2d 365,

23 378 (2020) (affirming ruling that paid judgment was satisfied).  [Further, as RCW 19.16.450

PLAINTIFFS' SUPPLEMENTAL BRIEFING - 3
2:21−cv−00697-LK

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

provides that once a WCAA violation has occurred (which is the case here), the creditor may only collect the "amount of the original claim or obligation." *Id.* at 377. The original claim here – the judgment – was $2,971.29. Dkt. #12-1 at 13.]

In short, upon SBC's receipt of Mr. White's cashier's check, the judgment was satisfied and no further obligation remained. *See also McCloud v. Depositors Ins. Co.*, 2006 WL 2290757, at *4 (W.D. Wash. Aug. 8, 2006) ("Because this judgment was satisfied, [the creditor] is not legally entitled to recover anything more from [the debtor]"). Thus, as of November 16, 2020, SBC's obligations were not only to stop the garnishment, ***but to no longer pursue the fully-paid judgment***. To the extent that SBC's promise to no longer pursue a judgment which had been paid constitutes the singular consideration for its "agreement," this would be insufficient, as sometimes expressed under the pre-existing duty doctrine: "[N]either the performance of a pre-existing duty, nor the promise to perform a pre-existing duty, constitutes consideration." *Multicare Med. Ctr. v. Dep't of Soc. & Health Servs.*, 114 Wn.2d 572, 584–85, n.20 (1990), *overruled in part on other grounds by Neah Bay Chamber of Commerce v. Dep't of Fisheries*, 119 Wn.2d 464 (1992).

This Court's order suggests that SBC's promise to not pursue the judgment was an obligation imposed on it by agreement, but it was already the case that SBC could not pursue the judgment. *See* Dkt. #34 at 24. It is for this reason that Plaintiffs struggle to articulate their position with respect to certification.

C. **SBC's Document Defies Characterization**

This case would be easier if SBC's "settlement agreement" bore a singular problem, but Plaintiffs' position is that SBC's "settlement agreement" is so defective that it is difficult to characterize. These are cumulative problems, not arguments in the alternative. Not only does the "agreement" lack essential contract formation elements (the "offer" is unclear, given that SBC's

PLAINTIFFS' SUPPLEMENTAL BRIEFING - 4
2:21−CV−00697-LK

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

sole offer was to comply with the law by not pursuing a paid judgment, thus it is difficult to manifest "acceptance" or "consideration"), but it *also* was procured under duress and *also* violates numerous debt-collection statutes, is *also* void against public policy, and is *also* procedurally unconscionable. *See Zuver v. Airtouch Commc'ns, Inc.*, 153 Wn.2d 293, 302–05 (2004) ("Rather, the key inquiry for finding procedural unconscionability is whether [the party] lacked meaningful choice"); *Anderson v. Soap Lake Sch. Dist.*, 191 Wn.2d 343, 375 (2018) (outlining 3-part test for adhesion contracts as related to unconscionability). On this point, Plaintiffs have provided ample evidence, even if they did not use the words "procedurally unconscionable."

Moreover, the "agreement," if enforceable, also presents a seeming paradox – while RCW 19.16.250(22) prohibits procuring a written document to pay amounts not owed (dkt. #34 at 19), that same document purports to release SBC from all liability. Thus, the statute could never be enforced if a collection agency could extract an illegal promise (to pay more than is owed) as long as the debtor "agreed" to give up his rights.

D. **Conclusion**

This Court correctly ruled that SBC unlawfully garnished Mr. White's wages and used that unlawful threat to extract a signature to a "settlement agreement." This Court also correctly ruled that SBC had a legal obligation to cease the garnishment once it had been paid. Dkt. #34 at 14. Therefore, Plaintiffs struggle to reconcile how Mr. White's payment did not also obligate SBC to stop collecting on the judgment as well.

Mr. White paid $7,200 to SBC on a judgment which SBC represented was below this amount, and which this Court has recognized to be inflated by unlawful fees and costs. Thus, Mr. White overpaid what he owed, and in "exchange," SBC insisted that the illegal conduct would continue unless he waived his rights. This is not a degree of value (i.e. the apocryphal

PLAINTIFFS' SUPPLEMENTAL BRIEFING - 5
2:21−CV−00697-LK

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

"peppercorn" sufficing) – Christopher White received nothing, and overpaid for the privilege.

### III.   SUPPLEMENTAL BRIEFING

#### A.  Whether to Certify on Public Policy Grounds (1(a))

<u>Generally</u>: Certification is appropriate where the answer to the question "will have far-reaching effects" on individuals subject to Washington law. *Keystone Land & Dev. Co. v. Xerox Corp.*, 353 F.3d 1093, 1098 (9th Cir. 2003). The Washington Supreme Court has previously elected to answer certified questions concerning the applicability and scope of the Washington Collection Agency Act. *See Gray v. Suttell & Associates*, 181 Wn.2d 329 (2014).

This Court's proposed certified question, "whether a release contravenes the public policy of Washington if it was entered into as the result of an unlawful garnishment and under threat of the garnishment continuing" would appear to suggest the answer as "yes." Permitting the Washington Supreme Court to weigh in on such public policy makes good sense, especially in light of the lengthy pronouncements in *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27 (2009) on Washington's concerns (and protections) regarding unlawful debt collection.

Plaintiffs note that it may not be necessary to take this step, given the factual clarification outlined above (not collecting a paid judgment is not consideration), but to the extent the "agreement" is an otherwise-enforceable contract under Washington law, our state's Supreme Court would be in the best position to announce public policy on this issue.

#### B.  Whether to Certify Issues Related to Duress and State Court Procedures (1(b))

<u>Procedural Clarification</u>: Plaintiffs asserted an affirmative claim in the alternative for "economic duress," for which there is some recognized precedent. Dkt. #1-4 at 12-13. SBC provided one paragraph of argument in its motion. Dkt. #8 at 25. To the extent SBC has established the elements of an enforceable agreement (as its affirmative defense is that it was

PLAINTIFFS' SUPPLEMENTAL BRIEFING - 6
2:21−cv−00697-LK

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

released from liability, it carries the burden to establish such a release), Plaintiffs' "defense" to this affirmative defense is the traditional "duress," not "economic duress." This Court correctly identified the duress standard as requiring proof "that Mr. White was deprived of his free will by the wrongful or oppressive conduct of SBC." Dkt. #34 at 22. Washington Pattern Jury Instruction 301.10 states that duress is established "if the party proves by clear, cogent, and convincing evidence that the party agreed to the contract because of an improper threat by the other party that left no reasonable alternative."

This Court has already found that Plaintiffs have established these elements when it found that SBC's garnishment was unlawful, and that SBC had no right to continue the garnishment or to threaten to continue the garnishment to extract a release from Mr. White." Dkt. #34 at 14. Accordingly, to the extent SBC established the existence of a contract, Plaintiffs have already established that it may not be enforced as it was a product of duress.

<u>Whether to certify</u>: Plaintiffs suggest that no certification is necessary, as the issue has already been resolved by this Court (in that Plaintiffs do not seek to avoid any contract on the specific "economic duress" basis). [Even if Plaintiffs did seek to establish such a defense, they would argue that in *Barker*, whether an action was "compelled" was an issue of fact, that the practicality of "court action" could be used as an aid in making that determination, and in this case it has been established that it was highly impractical for Mr. White to have sought court intervention (and perhaps impossible, given SBC's unlawful insistence on garnishing even after being paid). 23 Wn.App. at 453.]

<u>Factual Clarification</u>: Though unlikely to matter to the question presented, it should be noted that Mr. White was not represented by counsel. *See* dkt. #34 at 22. Though Ms. White initially provided the name of their family law attorney to SBC on October 7, 2020 (dkt. #9 at ¶

PLAINTIFFS' SUPPLEMENTAL BRIEFING - 7
2:21−CV−00697-LK

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

36), as Plaintiffs initially misunderstood the garnishment as a family law matter, no further communication with that attorney occurred. *See* dkt. #12-2. Moreover, if SBC believed that Plaintiffs had counsel, each contact with Plaintiffs directly would violate 15 U.S.C. § 1692c(a)(3) and, to the extent SBC was acting as legal counsel for the creditor (dkt. #9 at ¶¶ 5-6), raises potential RPC implications as well. *See* RPC 4.2.

### C. Whether the Unenforceable Portion of the Settlement Agreement is an "Essential Part" of the Consideration Given to Support the Agreement

As Plaintiffs explained above, this question may arise from Plaintiffs' lack of clarity on the timing of events. Plaintiffs first paid the entire judgment, and only after SBC continued its unlawful threats did Mr. White capitulate and sign SBC's document. It is therefore not possible to provide a meaningful answer; there was no contract, and if there were, Plaintiffs have already established duress (among other defenses to enforcement), and thus there is no unenforceable portion and no consideration. Stated differently, the "enforceable" portion of the document was an "agreement" not to collect on the judgment, but SBC was already prohibited by law from attempting to collect on the judgment (which had been paid in full).

The best answer Plaintiffs can provide is from this Court's Order: "SBC was not entitled to garnish Mr. White's wages at all, so it had no right to continue the garnishment or to threaten to continue the garnishment to extract a release from Mr. White." Dkt. #34 at 14. There can be little doubt that if SBC had not unlawfully garnished and then unlawfully threatened to continue garnishing, Mr. White would have had absolutely zero motivation or reason to sign SBC's document.

//

//

PLAINTIFFS' SUPPLEMENTAL BRIEFING - 8
2:21−CV−00697-LK

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

1 | Dated this 14th day of June, 2022.

**ANDERSON SANTIAGO, PLLC**

By: /s/ Jason D. Anderson
Jason D. Anderson, WSBA No. 38014
T. Tyler Santiago, WSBA No. 46004
Attorney for Plaintiffs
787 Maynard Ave. S.
Seattle, WA 98104
(206) 395-2665
(206) 395-2719 (fax)

PLAINTIFFS' SUPPLEMENTAL BRIEFING - 9
2:21−cv−00697-LK

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719