| | |
|---|---|
| 1 | Jeffrey I. Hasson |
| 2 | Hasson Law, LLC<br>9385 SW Locust Street |
| 3 | Tigard, OR 97223<br>Phone: (503) 255-5352 |
| 4 | Facsimile: (503) 255-6124<br>E-Mail: hasson@hassonlawllc.com |
| 5 | Washington State Bar No. 23741<br>Attorney for Defendant |

Honorable Lauren King

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DEBORAH WHITE AND CHRISTOPHER WHITE,<br><br>Plaintiffs,<br><br>vs.<br><br>SKAGIT BONDED COLLECTORS, LLC,<br><br>Defendant. | Case No.: 2:21-CV-00697-LK<br><br>DEFENDANT'S SUPPLEMENTAL BRIEFING RE: THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT |

On June 7, 2021, the Court requested supplemental briefing on (1) whether the Court should certify to the Washington Supreme Court the questions of (a) whether a release contravenes the public policy of Washington if it was entered into as the result of an unlawful garnishment and under threat of the garnishment continuing, and (b) whether the availability of state court procedures to challenge a garnishment preclude a debtor from establishing duress to avoid a settlement agreement related to the garnishment. Skagit Bonded Collectors, LLC ("SBC") contends that the Court should certify those questions to the Court.

The Court should also certify the question of whether Washington Law (RCW 26.16.200) allows a creditor to garnish all earnings and accumulations of a debtor spouse to satisfy a

DEFENDANT'S SUPPLEMENTAL BRIEFING RE: THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT --
Page 1
Case No.: 2:21-CV-00697-LK

separate debt incurred before marriage when the debt was reduced to judgment more than three years prior to the new marriage. The Court has found to the contrary but the Court failed to cite any Washington citation interpreting RCW 26.16.200 when a judgment for the separate debt was entered six years before the new marriage. This issue also is relevant to whether the garnishment is unenforceable.

The Court also requested supplemental briefing on whether the unenforceable portion of the settlement agreement is an "essential part" of the consideration given to support the agreement. Defendant contends the purported unenforceable portion of the settlement—the garnishment enforceability--is not an "essential part" of the consideration.

## Additional Background related to Consideration

When the parties submitted their motions for summary judgment, little discovery had been exchanged. Since that time, written discovery has been exchanged, and depositions have been conducted. The result is that some of the facts that Plaintiffs argued to the court are subject to dispute, and effect the Court's conclusions as they relate to how Plaintiffs were purportedly damaged, and the consideration at issue. (See the facts outlined in Dkt. # 9, specifically as to ¶¶ 47-55 in response to Plaintiffs' Supplemental briefing as to the "clarification").

The Court stated that earnest money would be forfeited if they did not comply with the purchase agreement. See Dkt. #34, p. 2, l. 15-17; p. 3, l. 12-18. Discovery revealed that the earnest money contingency of the purchase and sale agreement was the sale of Plaintiffs house, not the financing of the transaction. See Exhibit 1 attached. To satisfy the contingency, Plaintiffs were required to pass good title to the buyer of their house because SBC's Judgment was a judgment lien on their property. In fact, Plaintiffs were not even required to apply for financing until 45 days after certain building was done. Thus, Plaintiffs were required to pay off SBC's judgment to satisfy the contingency. Plaintiffs satisfied the contingency in December 2020 by selling their home. See Exhibit 2 attached. Thus, Plaintiffs did not forfeit their earnest money.

DEFENDANT'S SUPPLEMENTAL BRIEFING RE: THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT --
Page 2
Case No.: 2:21-CV-00697-LK

**Hasson Law, LLC**
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

The Court further stated that the Whites learned *in early November 2020* that they would not qualify for a loan on the new home they were purchasing *if Mr. White had an active garnishment.* Dkt. #34, p. 3, l. 12-14. Discovery revealed that Mr. and Mrs. White did not qualify for a loan in November 2020 because Mrs. White had been laid off for a period of time so her income could not be considered in qualification. See Exhibit 3 attached. Further, the email from the loan officer was sent in December 2020, well after the settlement agreement was signed and the judgment paid. See Exhibit 4 attached. The garnishment was released by the time of the email. Even after the judgment was paid, the Whites had to obtain a co-signor to qualify for the loan. When the loan closed in January 2021, Mrs. White's parents co-signed for the loan. See Exhibit 5 attached.

Thus, based on the facts, there is a question as to whether garnishment enforceability was ANY part of the consideration. It was clearly not an "essential part" of the consideration. SBC's judgment had to be paid off by the Whites to satisfy the contingency requiring them to sell their other house. Satisfaction of the judgment was the consideration the Whites needed, not the release of the garnishment. The garnishment did not effect the Whites' qualification for the loan. The Whites did not qualify for the loan without a co-signor at the time of the garnishment, and at the time of the closing.

The Court has properly found that SBC's promise to forego further efforts to collect on the judgment against any source was sufficient consideration to support the settlement agreement. Dkt. # 34, p. 21, l. 8-12.

Therefore, the purported unenforceable portion of the settlement agreement was not an "essential part" of the consideration given to support the agreement.

**The Court should certify to the Washington Supreme Court the question whether a release contravenes the public policy of Washington if it was entered into as the result of a purported unlawful garnishment and under threat of the garnishment continuing.**

Washington law allows certification of a question to the Washington Supreme Court when "the local law has not been clearly determined". RCW 2.60.020.

DEFENDANT'S SUPPLEMENTAL BRIEFING RE: THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT -- Page 3
Case No.: 2:21-CV-00697-LK

Hasson Law, LLC
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

When determining whether to certify a question to a state's highest court, we consider: (1) whether the question presents "important public policy ramifications" yet unresolved by the state court; (2) whether the issue is new, substantial, and of broad application; (3) the state court's caseload; and (4) "the spirit of comity and federalism." *United States v. Francisco Gutierrez*, 981 F.3d 660, 661 (9th Cir. 2020).

The issue of whether a release contravenes the public policy of Washington if it was entered as a result of a purported unlawful garnishment and under a threat of the garnishment continuing satisfies all these criteria.

Since the Court has chosen not to rely on the unpublished decision of *Dickinson v. Winther*, 151 Wash. App. 1041 (2009), and has chosen not to find that case persuading, the issue must be considered unresolved by the state court.

For the same reasons, the issue is new, substantial and of broad application.

As the court has stated, the state's public policy favors settlement over litigation. Dkt. # 34, p. 24. Thus, the question presents 'important public policy ramifications.

The case load of the state is unclear.

The issue should be decided by the state court under the spirit of comity and federalism because it is an interpretation of state law.

Thus, the Court should certify the question.

**The Court should certify to the Washington Supreme Court the question whether the availability of state court procedures to challenge a garnishment preclude a debtor from establishing duress to avoid a settlement agreement related to the garnishment.**

The issue of whether the availability of state court procedures to challenge a garnishment preclude a debtor from establishing duress to avoid a settlement agreement related to the garnishment should also be certified because it also satisfies all criteria.

State Court procedures are created to institute the public policy of Washington. Under public policy, a party should not be allowed to ignore them and seek a collateral remedy.

Allowing a debtor to ignore the available court procedures, and still seek the same remedy without any of the limits set forth in the statute would make the state's remedy meaningless.

DEFENDANT'S SUPPLEMENTAL BRIEFING RE: THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT --
Page 4
Case No.: 2:21-CV-00697-LK

**Hasson Law, LLC**
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

The issue is new, substantial and of broad application and presents important public policy ramifications unresolved by the state of Washington.

Thus, the Court should certify the question.

**The Court should also certify to the Washington Supreme Court the question whether Washington Law (RCW 26.16.200) allows a creditor to garnish all earnings and accumulations of a debtor spouse to satisfy a separate debt incurred before marriage when the debt was reduced to judgment more than three years prior to the new marriage.**

Since the Court should certify the first two issues, the Court should also get a definitive answer from the Washington Supreme Court that interprets RCW 26.16.200 under the facts of this case. There is no clear precedent that supports this Court's ruling, and interpretation of RCW 26.16.200 is clearly within the bounds of RCW 2.60.020.

Marital bankruptcy of an already entered judgment presents important public policy considerations. Why should a creditor be able to reach the earnings of a debtor spouse who has a separate debt at the time of marriage that has not been reduced to judgment if a judgment is obtained within three years but that creditor cannot reach the earnings of that debtor spouse based on a judgment obtained more than three years prior to the marriage? Why is the judgment debtor favored over the non-judgment debtor? The Washington Court should determine this issue. The conclusion from this Court is not based on similar facts. The facts in *Haley v. Highland*, 142 Wash. 2d 135 (2000) and *In re Dickerson*, 597 B.R. 101 (Bankr. W.D. Wash. 2019) are distinguishable.

In *Haley,* Highland committed the tort in 1989-90, married in 1992, and sued in 1994.

In *Dickerson,* the separate debt was incurred in 2006, and Dickerson was married in 2007. The creditor's action was filed in 2009.

There was no pre-marriage judgment in either of those cases like the facts of this case.

Instead, the question in this case presents "important public policy ramifications" yet unresolved by the state court. The public policy is "Can a judgment debtor with a separate debt escape paying a judgment through garnishment by getting married?" Further, "should a debtor

DEFENDANT'S SUPPLEMENTAL BRIEFING RE: THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT --
Page 5
Case No.: 2:21-CV-00697-LK

**Hasson Law, LLC**
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

with a separate debt that has not been reduced to judgment at the time of a new marriage have different rights that a judgment debtor whose debt was reduced to judgment before a marriage?" While RCW 26.16.200 seems to espouse the policy that earnings should be reachable on a separate debt if separate assets are insufficient (" … earnings and accumulations of the spouse or domestic partner shall be available to the legal process of creditors for the satisfaction of debts incurred by such spouse or domestic partner prior to the marriage or the state registered domestic partnership…"), there is no clear guidance under Washington law allowing the garnishment of a spouses earnings based on a judgment entered against that spouse prior to the marriage..

The interpretation by this Court is new, substantial, and of broad application even though there is no equivalent state court decision.

Under the Court's interpretation, a judgment debtor with a separate debt escapes that judgment debt by getting married—a concept that is new, substantial and with broad application.

The interpretation would affect whether the garnishment was unlawful under Washington law, or not.

In the spirit of comity and federalism, the Court should certify this question to the state court to interpret state law.

## Conclusion

The Court should certify the two questions to the Washington Supreme Court that this Court has requested supplemental briefing on: (1) whether a release contravenes the public policy of Washington if it was entered into as the result of an unlawful garnishment and under threat of the garnishment continuing, and (2) whether the availability of state court procedures to challenge a garnishment preclude a debtor from establishing duress to avoid a settlement agreement related to the garnishment.

So long as the Court is certifying those two questions, the Court should certify the issue central to the Court's ruling: whether Washington Law (RCW 26.16.200) allows a creditor to garnish all earnings and accumulations of a debtor spouse to satisfy a separate debt incurred

DEFENDANT'S SUPPLEMENTAL BRIEFING RE: THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT --
Page 6
Case No.: 2:21-CV-00697-LK

Hasson Law, LLC
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

before marriage when the debt was reduced to judgment more than three years prior to the new marriage. Certifying the additional issue as to interpretation of RCW 26.16.200 is efficient since other questions should be certified and has far and broad reaching impact.

    SBC's promise to forego further efforts to collect on the judgment against any source was sufficient consideration to support the settlement agreement. The purported unenforceable portion of the settlement agreement was not an "essential part" of the consideration given to support the agreement.

Dated: June 21, 2022.

s/ Jeffrey I. Hasson
Jeffrey I. Hasson, WSBA#23741
Hasson Law, LLC
Phone: (503) 255-5352
Attorney for SBC

DEFENDANT'S SUPPLEMENTAL BRIEFING RE: THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT --
Page 7
Case No.: 2:21-CV-00697-LK

**Hasson Law, LLC**
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

Certificate of Service

     I hereby certify that on June 21, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Jason D. Anderson and T. Tyler Santiago and I hereby certify on that I mailed by United States Postal Service the document to the following:

s/ Jeffrey I. Hasson
Jeffrey I. Hasson, WSBA#23741
Attorney for SBC
Hasson Law, LLC
9385 SW Locust Street
Tigard, OR 97223
Phone: (503) 255-5352
Facsimile: (503) 255-6124
E-Mail: hasson@hassonlawllc.com

CERTIFICATE OF SERVICE -- Page 1
Case No.: 2:21-CV-00697-LK