Jeffrey I. Hasson
Hasson Law, LLC
9385 SW Locust Street
Tigard, OR 97223
Phone: (503) 255-5352
Facsimile: (503) 255-6124
E-Mail: hasson@hassonlawllc.com
Washington State Bar No. 23741
Attorney for Defendant

Honorable Lauren King

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DEBORAH WHITE AND CHRISTOPHER WHITE,<br><br>Plaintiffs,<br><br>vs.<br><br>SKAGIT BONDED COLLECTORS, LLC,<br><br>Defendant. | Case No.: 2:21-CV-00697-LK<br><br>DEFENDANT'S RESPONSE TO PLAINTIFFS' ARGUMENT IN DKT. # 35 AS TO THE APPLICATION OF THE PRE-EXISTING DUTY RULE |

This brief is filed pursuant to Dkt. # 37. The pre-existing duty rule is not applicable in this case. Contrary to Plaintiffs' argument, SBC was NOT paid in full on November 11, 2020. Mr. White's obligation to Skagit Bonded Collectors, LLC ("SBC") was not satisfied on November 11, 2020. Mr. White continued to be liable for SBC's judgment on November 11, 2020. Under the facts of this case, Mr. White tendered a check to SBC with conditions on November 11, 2020; SBC did not accept Mr. White's conditions on November 11, 2020; and SBC did not accept Mr. White's tendered check on November 11, 2020.

Summary judgment is appropriate when "…the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

DEFENDANT'S RESPONSE TO PLAINTIFFS' ARGUMENT IN DKT. # 35 AS TO THE APPLICATION OF THE PRE-EXISTING DUTY RULE -- Page 1
Case No.: 2:21-CV-00697-LK

1  genuine issue as to any material fact and that the moving party is entitled to judgment as a matter
2  of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  In applying this standard, the
3  Court must "view the evidence and draw all reasonable inferences therefrom in the light most
4  favorable to the party opposing summary judgment." *Atl. Richfield Co. v. Farm Credit Bank of
5  Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quoting *Martin v. Kansas*, 190 F.3d 1120, 1129
6  (10th Cir. 1999)).

7  Plaintiffs incorrectly portray this case in their briefing [Dkt. # 35].  Plaintiffs wrongly
8  contend "SBC was paid in full by November 11, 2020".  See Dkt. # 35, p. 2, l. 11.  To apply the
9  pre-existing duty doctrine, this allegation must be fact.  This allegation is not the fact, and the
10 burden of proof to avoid the contract is on Plaintiffs.  See *Retail Clerks Health & Welfare Tr.
11 Funds v. Shopland Supermarket, Inc.*, 96 Wash. 2d 939, 944 (1982).

12 Viewing the evidence and drawing all reasonable inferences in the light most favorable to
13 SBC, SBC was not paid in full by November 11, 2020.  Mr. White DID NOT send the money to
14 pay the judgment he owed.  Mr. White sent the money to stop the garnishment.  Mr. White was
15 asserting a bona fide claim that the judgment and garnishment were disputed.  SBC did not
16 accept that the judgment and garnishment were disputed.  SBC did not have to accept the
17 condition placed on Mr. White's submission of the check, and SBC did not accept Mr. White's
18 condition placed on Mr. White's submission of the check.  See Dkt. # 8, p. 11-12 for full
19 argument.

20 A tender requires production of the amount claimed, without stipulation or condition.
21 *Hartman v. Anderson*, 49 Wash. 2d 154, 160 (1956).

22 Viewing the evidence and drawing all reasonable inferences in the light most favorable to
23 SBC, at best, SBC was tendered a check with conditions on November 11, 2020.  SBC did not
24 accept the conditions on November 11, 2020 so SBC was not paid in full on November 11, 2020.

25 Had Plaintiffs tendered the November 11, 2020 check with NO CONDITIONS, SBC
26 would have been obligated to accept the check on that date.  However, Plaintiffs' check was

DEFENDANT'S RESPONSE TO PLAINTIFFS'
ARGUMENT IN DKT. # 35 AS TO THE APPLICATION
OF THE PRE-EXISTING DUTY RULE -- Page 2
Case No.: 2:21-CV-00697-LK

Hasson Law, LLC
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

tendered WITH CONDITIONS. Thus, SBC was not obligated to accept Plaintiffs' check on November 11, 2020.

It was only after Mr. White removed the conditions placed on acceptance of the check by signing the Settlement Agreement that SBC accepted payment. See Dkt. # 8, p. 7; 11-12. This is sufficient consideration under *United Truck Lines v. Emps. Mut. Cas. Co.*, 44 Wash. 2d 520, 525 (1954). The conditions for acceptance of the check were not removed until November 16, 2020, and SBC promptly accepted the check thereafter.

Thus, Plaintiffs' argued predicate is false so Plaintiffs' argument fails before the pre-existing duty doctrine would apply. See Dkt. # 35, p. 2; 4-5.

The doctrine at issue states:

> 'As a general rule the performance of, or promise to perform an existing legal obligation is not a valid consideration.
> 'A promise to do what the promisor is already bound to do cannot be a consideration, for if a person gets nothing in return for his promise but that to which he is already legally entitled, the consideration is unreal. Therefore, as a general rule, the performance of, or promise to perform, an existing legal obligation is not a valid consideration, ***except where the very existence of the duty is the subject of honest and reasonable dispute.*** Of course, where no legal duty exists, the principle is inapplicable. * * *' **[For Emphasis.]**

*Harris v. Morgensen*, 31 Wash. 2d 228, 240 (1948).

Here there was an honest and reasonable dispute. Plaintiffs DID NOT pay the judgment. Plaintiffs tendered money to STOP THE GARNISHMENT. Plaintiffs disputed that the SBC judgment was owed. Plaintiffs disputed that SBC had the right to issue a garnishment. SBC viewed the judgment as owed with a right to garnish Mr. White. Thus, an honest and reasonable dispute existed. SBC was not required to satisfy a judgment based on receipt of tendered funds to STOP THE GARNISHMENT.

Thus, viewing the evidence and drawing all reasonable inferences in the light most favorable to SBC, the pre-existing duty rule does not apply to the facts of this case.

The receipt of a tender with conditions (absent acceptance of the conditions by SBC) did not impose a duty on SBC to satisfy SBC's judgment against Mr. White.

DEFENDANT'S RESPONSE TO PLAINTIFFS'
ARGUMENT IN DKT. # 35 AS TO THE APPLICATION
OF THE PRE-EXISTING DUTY RULE -- Page 3
Case No.: 2:21-CV-00697-LK

**Hasson Law, LLC**
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

Viewing the evidence and drawing all reasonable inferences in the light most favorable to SBC, the Settlement Agreement is not void for lack of consideration due to the pre-existing duty rule.

Dated: September 13, 2022.

s/ Jeffrey I. Hasson<br>
Jeffrey I. Hasson, WSBA#23741<br>
Hasson Law, LLC<br>
Phone: (503) 255-5352<br>
Attorney for SBC

DEFENDANT'S RESPONSE TO PLAINTIFFS' ARGUMENT IN DKT. # 35 AS TO THE APPLICATION OF THE PRE-EXISTING DUTY RULE -- Page 4
Case No.: 2:21-CV-00697-LK

Hasson Law, LLC
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

| | |
|---|---|
| 1 | Certificate of Service |
| 2 |     I hereby certify that on September 13, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Jason D. Anderson and T. Tyler Santiago and I hereby certify on that I mailed by United States Postal Service the document to the following: |

<u>s/ Jeffrey I. Hasson</u>
Jeffrey I. Hasson, WSBA#23741
Attorney for SBC
Hasson Law, LLC
9385 SW Locust Street
Tigard, OR 97223
Phone: (503) 255-5352
Facsimile: (503) 255-6124
E-Mail: hasson@hassonlawllc.com

CERTIFICATE OF SERVICE -- Page 1
Case No.: 2:21-CV-00697-LK