UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBORAH WHITE and CHRISTOPHER WHITE, <br><br> Plaintiffs, <br><br> v. <br><br> SKAGIT BONDED COLLECTORS, LLC, <br><br> Defendant. | CASE NO. 2:21-cv-00697-LK <br><br> ORDER PARTIALLY STAYING CASE |

This matter comes before the Court *sua sponte*.[1] As set forth below, another Court in this District has certified questions to the Washington Supreme Court that bear directly on the issues in this case. The Court therefore partially stays this matter until the Washington Supreme Court answers the certified questions or declines to do so.

---

[1] Skagit Bonded Collectors ("SBC") has asked the Court to certify to the Washington Supreme Court a question regarding Section 26.16.200 of the Revised Code of Washington, Dkt. No. 36 at 1–2, and to stay this case pending resolution of the question certified by another Court in this District, Dkt. No. 39 at 2, but neither request is properly before the Court. *See* Dkt. No. 34 at 26 (requesting supplemental briefing on certification of certain questions, none of which involved Section 26.16.200 of the Revised Code of Washington); Fed. R. Civ. P. 7 ("A request for a court order must be made by motion."); *Sergeant v. Bank of Am., N.A.*, No. C17-5232 BHS, 2018 WL 1427345, at *1 n.2 (W.D. Wash. Mar. 22, 2018) (denying request for relief as "procedurally improper" because it was not made in a motion). The Court accordingly disregards these requests.

ORDER PARTIALLY STAYING CASE - 1

# BACKGROUND

The Court previously granted the Whites' motion for summary judgment as to Deborah White's claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p, and the Washington Consumer Protection Act, Wash. Rev. Code § 19.86.010-920, denied SBC's motion for summary judgment as to Deborah White's claims, deferred ruling on the remainder of the parties' motions pending a determination of the validity of the settlement agreement and release Mr. White signed, and ordered the parties to submit supplemental briefing regarding whether the Court should certify two questions to the Washington Supreme Court. Dkt. No. 34 at 26.

In the Whites' supplemental briefing, they argued that certification was unnecessary because the alleged settlement agreement was void for lack of consideration and procured under duress, but supported certification of a question regarding Washington public policy if the Court disagreed with their arguments. *See generally* Dkt. No. 35. SBC stated in its supplemental briefing that it supported certification of both questions to the Washington Supreme Court. Dkt. No. 36 at 1. It added that the Court "should also certify the question of whether Washington Law (RCW 26.16.200) allows a creditor to garnish all earnings and accumulations of a debtor spouse to satisfy a separate debt incurred before marriage when the debt was reduced to judgment more than three years prior to the new marriage." *Id.* at 1–2.

Meanwhile, in another case pending in this district, the parties disagreed about the meaning of the same statutory provision. *See Nelson v. PSC, Inc.*, No. 2:22-cv-00712-JCC (W.D. Wash.), at Dkt. Nos. 10, 13, 16. The Defendant in that case raised arguments regarding the meaning of "within" that SBC did not raise in this case. *Compare id.*, Dkt. No. 13 at 6 *with* Dkt. Nos. 8, 17, 20 in this case. The Court in *Nelson* found that it was "appropriate to certify the issue to the Washington Supreme Court" because it was "a matter of statutory interpretation not yet clearly

addressed by a Washington court." *Id.*, Dkt. No. 17 at 2. The Court certified the following questions:

> 1. What is the meaning of the term "within" as contained in RCW 26.16.200?
>
> 2. If a spouse's antenuptial debt is reduced to judgment more than three years prior to marriage, does Washington law bar garnishment of that spouse's marital wages in satisfaction of that judgment? If not, may the entirety of that spouse's marital wages be garnished, if necessary to satisfy the judgment, or may something less than the entirety be garnished (and what are the limitations)?

*Id.* The Court in *Nelson* stayed the case pending the Washington State Supreme Court's answer or communication declining to provide an answer. *Id.* SBC then filed a notice of supplemental authority citing the *Nelson* order. Dkt. No. 39 at 2.

## DISCUSSION

Because questions of central importance to this case have been certified to the Washington State Supreme Court, the Court considers *sua sponte* whether to stay—or partially stay—this case pending an answer or declination.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). The inherent power to stay includes granting an order to stay "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). Where a stay is considered pending the resolution of another action, the court need not find that the two cases possess identical issues; a finding that the issues are substantially similar is sufficient to support a stay. *See Landis*, 299 U.S. at 254. Nor do the issues involved in the pending proceedings need to be "controlling of the action before the court" for a stay to be ordered. *Leyva*, 593 F.2d at 864.

In determining the propriety of a stay, the Court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. Such balance includes consideration of:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). A stay is appropriate when it will serve the interests of judicial economy by allowing for development of factual and legal issues, and when weighing of the hardships favors the granting of a stay. *See, e.g.*, *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). In addition, "Courts have the power to consider stays *sua sponte*." *Ali v. Trump*, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017).

Due to the recent certification of questions central to the resolution of this case to the Washington State Supreme Court, the Court considers *sua sponte* whether to impose a stay based on the relevant factors.

**Damage from a Stay**

It is possible that the parties may suffer some damage from a stay because the Washington Supreme Court's timing on answering the certified questions is unknown and resolution of all or part of the pending motions for summary judgment relating to Mr. White's claims will be delayed in the interim. But the delay will not be indefinite, and resolution of the motions for summary judgment does not appear to be urgent. *See Leyva*, 593 F.2d at 864 ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("Generally, stays should not be indefinite in nature."). Furthermore, should the Court grant a partial stay, it need not delay resolution of the parties' motions to the extent they do not implicate the allegedly wrongful

ORDER PARTIALLY STAYING CASE - 4

garnishment under Section 26.16.200 of the Revised Code of Washington. And a stay will not cause *unnecessary* delay because it will avoid the danger of inconsistent results. Federal courts are bound by the decisions of a state's highest court when interpreting that state's law, *Ariz. Elec. Power Coop., Inc. v. Berkeley,* 59 F.3d 988, 991 (9th Cir. 1995), and, "[w]hile a delay in proceedings certainly imposes some hardship on both parties, the hardship that could result from conflicting rulings would be far greater," *H Lodge LLC v. Liberty Mut. Fire Ins. Co.*, No. C21-5184-BHS, 2022 WL 279070, at *4 (W.D. Wash. Jan. 31, 2022). Therefore, the Court finds only minimal possible damage from a stay.

**Hardship or Inequity**

Both parties may suffer some hardship or inequity in being required to go forward without guidance from the Washington Supreme Court because of the danger of conflicting rulings. *See, e.g.*, *Ten Bridges LLC v. Hofstad*, 2:19-cv-01134-RAJ, 2022 WL 16835841, at *3 (W.D. Wash. Nov. 9, 2022). In addition, a stay may prevent the additional, unnecessary expenditure of resources required to brief the other issues in the case—including those related to damages—if the issue of statutory interpretation certified in *Nelson* is dispositive or at least narrows the issues. Therefore, this factor weighs in favor of a stay.

**Orderly Course of Justice**

The orderly course of justice strongly favors at least a partial stay, which will promote judicial economy by allowing this Court to receive guidance from the Washington Supreme Court in *Nelson* before issuing further rulings on the allegedly wrongful garnishment under Section 26.16.200 of the Revised Code of Washington. Importantly, that issue raises the same question as in *Nelson*: whether a judgment entered more than three years before the marriage is "within" three years of the marriage for purposes of Section 26.16.200 of the Revised Code of Washington. *See* Dkt. No. 36 at 5–6. The Washington Supreme Court's guidance on that legal issue will promote

judicial economy by answering that threshold question. *See, e.g.*, *Ten Bridges LLC*, 2022 WL 16835841, at *4 (staying case *sua sponte* pending resolution of the same legal issue pending before the Ninth Circuit). Now that the question has been certified, "[i]t would not be in the interest of judicial economy for this Court to predict how the Washington Supreme Court would rule when very soon the court will in fact rule." *Jorgensen v. Dentists Ins. Co.*, No. 2:22-CV-00474-BJR, 2022 WL 3204893, at *2 (W.D. Wash. July 8, 2022). This factor therefore strongly favors a stay.

In sum, the Court finds that the relevant factors favor partially staying this case until the Washington Supreme Court issues a decision on the pending certified questions in *Nelson*. Because the Court may proceed to address the motions for summary judgment to the extent they do not implicate the allegedly wrongful garnishment of community property, the Court does not stay that portion of the case.

## CONCLUSION

For the foregoing reasons, the Court PARTIALLY STAYS this case. The Court will set a deadline for supplemental briefing or a joint status report once the Washington Supreme Court has issued an answer or declination in *Nelson*.

Dated this 6th day of December, 2022.

Lauren King
United States District Judge